UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEMETRIUS COLLINS, | |
| Plaintiff, | No. 19 C 5406 |
| v. | Judge Thomas M. Durkin |
| THOMAS J. DART, in his official capacity as COOK COUNTY SHERIFF; COOK COUNTY; CHRISTOPHER CRIBBS; LARRY ALDERSON; and MARK TAYLOR, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Demetrius Collins alleges that certain Cook County Jail guards failed to ensure his safety during a bus ride from court back to the Jail. Defendants have moved to dismiss some of Collins's claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 24. That motion is granted in part and denied in part.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed

factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

On December 17, 2018, Collins was transported from the Markham Courthouse to the Jail on a bus operated by Cook County Sheriff deputies. Collins does not explain in his complaint why he was in jail. In his brief he clarifies that he was serving a weekend sentence for driving without a license. *See* R. 29 at 1 n.1.

In addition to the driver, there were two other deputies on the bus. Of the three individual defendants in the case, Collins does not know who was driving.

Collins was restrained while on the bus. Another inmate passenger was unrestrained. Collins does not know why the other inmate was unrestrained, and whether it was intentional or unintentional. As the bus was traveling on an interstate highway, the unrestrained inmate and two restrained inmates attacked a fourth

2

inmate. Collins does not explain how the two restrained inmates were able to participate in the attack even though they were restrained.

As the fight continued, the bus driver began to swerve or drive erratically. It is not clear whether the commotion of the fight caused the driver to swerve or whether the driver intentionally swerved the bus hoping to break-up the fight. In any case, the swerving caused Collins's seat to become detached. As a result, Collins was thrown around the bus and injured.

Collins claims that Defendants are liable for his injuries because they: (1) failed to restrain the inmate who started the fight; (2) failed to stop the fight; (3) failed to safely drive the bus; and/or (4) failed to stop the bus from swerving. His claims are made in the alternative with respect to the three individual defendants since Collins does not know which of them was driving the bus. Collins makes his claims via the following seven counts:

> *Count I* for deliberate indifference in violation of the Eighth Amendment. (Count I does not specify relevant facts.)
>
> *Count II* for state created danger in violation of the Fourteenth Amendment. (Count II does not specify relevant facts.)
>
> *Count III* for failure to intervene in violation of the Eighth Amendment for failure to stop the fight.
>
> *Count IV* for willful and wanton conduct in violation of state law for swerving the bus.
>
> *Count V* for willful and wanton conduct in violation of state law for: failing to restrain the inmate who started the fight, failing to stop the fight, and failing to stop the swerving.
>
> *Count VI* for indemnification by Cook County and the Sheriff.

3

>*Count VII* for willful and wanton conduct against Cook County and the Sheriff on a respondeat superior theory.

Defendants have moved to dismiss Counts II, III, and V. Defendants' arguments show that they intend to seek dismissal of the "failure to intervene" claims and dismissal of duplicative constitutional claims.

## Analysis

### I. The Applicable Constitutional Right

As an initial matter, Collins brings claims under both the Eighth and Fourteenth Amendments. The Fourteenth Amendment applies to pretrial detainees, whereas the Eighth Amendment applies to convicted inmates. *See Miranda v. County of Lake*, 900 F.3d 335, 351 (7th Cir. 2018). Although Collins does not allege in his complaint why he was in jail, he nonetheless asserts in his brief that he was convicted of driving without a license and jailed for two days. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (a plaintiff "may elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings"). Assuming that is true, the Eighth Amendment governs his federal claims, and the Fourteenth Amendment claims are dismissed.

### II. The Structure of the Complaint

Next, it is not entirely clear to the Court why Collins structured his complaint the way he did. Counts I and II are for constitutional violations but do not specify any relevant conduct. Count III is also for a constitutional violation and specifies only the failure to stop the fight. Counts IV and V are both for willful and wanton conduct in violation of state law, but Count IV specifies one particular action (the swerving),

whereas Count V lists three different actions (failing to restrain the inmate who started the fight, failing to stop the fight, and failing to stop the swerving). Nevertheless, Federal Rule of Civil Procedure 8 does not require a complaint to be structured in counts, and complaints "need not set out a legal theory." *Frank v. Walker*, 819 F.3d 384, 387 (7th Cir. 2016). A "district court should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings," regardless of the way a plaintiff has "structured their complaint." *Id.* at 388.

Based on the facts alleged, the Court understands Collins to seek relief for the following actions or failures to act:

(1) failure to restrain the inmate who started the fight;

(2) failure to stop the fight;

(3) failure to drive safely; and

(4) failure to stop the driver from driving dangerously.

The Court also assumes that Collins seeks relief for these actions under both the Eighth Amendment and state law. Defendants' arguments address only the claims based on (2) the failure to stop the fight, and (4) the failure to stop the driver from driving dangerously.

### III. Constitutional Claims

Collins describes both of these claims as claims for "failure to intervene." This characterization is incorrect with respect to the claim for a failure to stop the fight. A claim for "failure to intervene" is brought against a state actor who did not personally

5

commit the underlying constitutional violation but failed to intervene to prevent it. This claim is most commonly brought against police officers who fail to stop a fellow officer from using excessive force. *See Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) ("[P]olice officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so may be held liable."). In the prison context, failure to intervene claims also often arise when a prison official is not personally responsible for an inmate's healthcare but knows that the inmate's healthcare has fallen below the constitutional standard and fails to take action to rectify the situation.

### A. Failure to Stop the Fight

Collins's claim that Defendants are liable for his injuries because they failed to stop the fight is not a claim that Defendants failed to stop someone else from violating his constitutional rights. Rather, Collins claims that Defendants had a duty to stop the fight and protect Collins from the dangerous consequences of the fight, such that Defendants personally violated Collins's constitutional rights.

Such a claim is cognizable under the Eighth Amendment's prohibition of "cruel and unusual punishments" which obligates prison officials to "take reasonable measures to guarantee the safety of . . . inmates." *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). This type of claim, sometimes referred to as a "failure to protect" claim, is simply a variety of the well-known Eighth Amendment claim that a defendant was deliberately indifferent to "an excessive risk to inmate health or safety." *See Sinn*, 911 F.3d at 419, 422.

Deliberate indifference claims include two components: (1) "the harm to which the prisoner was exposed must be an objectively serious one"; and (2) judged subjectively, the prison official "must have actual, and not merely constructive, knowledge of the risk." *Id.* at 419. For this second element, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (citing *Farmer*, 511 U.S. at 837).

Collins alleges that the fight on the bus exposed him to the injury he suffered when the driver began driving erratically and Collins's seat came loose. Defendants argue in response that these allegations fail to state a claim because: (1) "Collins fails to allege that he was actually injured by or participated in the fight," R. 24 at 6, so Collins's injury was not proximately caused by the fight, R. 30 at 4; and (2) "the allegations fail to demonstrate that any defendant had a realistic opportunity to prevent the fight," R. 24 at 5.

Defendants' argument about the proximate causation of Collins's injuries is not an appropriate question for a motion under Rule 12(b)(6), because "generally the issue of proximate cause is a jury question." *Shick v. Ill. Dep't of Human Servs.*, 307 F.3d 605, 615 (7th Cir. 2002). In "extreme circumstances," a court can decide issues of causation as a matter of law. *Id.* But that generally occurs after discovery, at summary judgment or as part of a directed verdict, not on the pleadings.

Furthermore, Collins's allegation of causation is entirely plausible. The chain of causation—the fight, the swerving bus, the broken seat—likely happened within a matter of minutes (if not less) and can plausibly be understood as a single incident.

7

Collins's injury is not so remote from the fight that it is appropriate for the Court to make a legal ruling about causation before any facts have been discovered.

In a corollary to their proximate cause argument, Defendants express concern that if the Court permits Collins's claim to proceed, "any inmate in a correctional institution who witnesses a fight would have grounds to file a civil rights lawsuit—regardless of whether they actually participated in the fight or not." R. 30 at 2. The basis for this argument is unclear because nowhere in his complaint does Collins allege injury from merely witnessing the fight. But even if Collins did not participate in the fight, his injuries could have still been caused by the fight regardless. And the facts alleged in the case are unique enough that the Court doubts there will be a flood of copy-cat lawsuits.

Defendants also argue that they did not have a duty to intervene in a fight involving multiple inmates on a bus driving along an interstate highway. Defendants cite a line of cases recognizing the principle that jail guards may wait to intervene to protect an inmate who is being attacked by another inmate until it is reasonably safe for the guard to take such action. *See Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011) ("But correctional officers who are present during a violent altercation between prisoners are not deliberately indifferent if they intervene with a due regard for their safety: A prison guard, acting alone, is not required to take the unreasonable risk of attempting to break up a fight between two inmates when the circumstances make it clear that such action would put her in significant jeopardy."). Here, Collins does not

allege that he was being attacked, but the basic principle still applies to the fight in this case.

This principle, however, is not a reason to dismiss Collins's claim. The Eighth Amendment requires Defendants to have acted reasonably under the circumstances. It is entirely plausible that Defendants should have stopped the fight sooner, despite the fact that it was occurring on a moving vehicle. It is also plausible that taking quicker action would have been too dangerous. It is not possible for the Court to determine whether Defendants' actions were appropriate as a matter of law without discovery into the circumstances of the case. Indeed, the line of cases establishing that guards may wait to stop a fight until it is reasonably safe to do so (including the particular case Defendants cite in their brief), were all decided at summary judgment once the factual record was complete. *See* R. 24 at 6 (quoting *Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir. 2007)). Like those cases, the Court will permit Collins's claim that Defendants should have stopped the fight sooner to proceed to discovery.

### B.     Failure to Stop the Driver from Swerving

Defendants also seek dismissal of Collins's claim that the two defendants who were not driving the bus should have stopped the driver from swerving. The Court construes this claim as a failure to intervene claim because Collins alleges that the driver violated his constitutional rights by driving erratically, and that the other two guards should have intervened to stop the constitutional violation.

Similar to their argument regarding the fight, Defendants argue that the guards on the bus did not have a "realistic opportunity to stop the erratic driving." R.

9

24 at 7. The Court agrees that this appears to be a difficult claim to prove. But without knowing more about the circumstances on the bus during the incident it is not possible to say what potential actions were realistic. A factual record must be developed before such judgment can be made.

### C. Qualified Immunity

Defendants argue that they are entitled to qualified immunity. "Qualified immunity protects government officials from damages liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Campbell v. Kallas*, 936 F.3d 536, 545 (7th Cir. 2019). "To be 'clearly established,' a constitutional right must have a sufficiently clear foundation in then-existing precedent," but the right "cannot be framed at a high level of generality." Nonetheless, "a case directly on point" is not necessary, *see White v. Pauly*, 137 S. Ct. 548, 551 (2017), and qualified immunity is not appropriate when "the alleged misconduct constituted an obvious violation of a constitutional right," *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 915 (7th Cir. 2015), such that "every reasonable official would have understood that *what he is doing* violates that right." *Campbell*, 936 F.3d at 546 (emphasis original).

The Seventh Circuit has explained that "a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds," because "a qualified immunity defense so closely depends on the facts of the case." *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). That is the case here. Without a complete factual record, the Court cannot determine whether there is any factually analogous case that

10

establishes that Defendants' conduct violated the Eighth Amendment. It is also plausible that the facts may show that there were obvious opportunities for the guards to stop the fight or prevent the erratic driving, in which case qualified immunity will not be warranted. As with liability, discovery is necessary to determine whether qualified immunity is appropriate here.

### IV.  Willful and Wanton Claim

Collins also claims that Defendants' conduct violated state law prohibitions against willful and wanton conduct. The Seventh Circuit has held that the "willful and wanton standard is remarkably similar to the deliberate indifference standard." *Pittman ex rel. Hamilton v. County of Madison*, 746 F.3d 766, 781 (7th Cir. 2014). Furthermore, Illinois law, like case law applying the Eighth Amendment, generally leaves questions of proximate causation to the fact finder. *See Blood v. VH-1 Music First*, 668 F.3d 543, 546 (7th Cir. 2012). Accordingly, for the same reasons the Court finds that Collins has stated claims for failure to stop the fight and failure to stop the erratic driving under the Eighth Amendment, the Court likewise finds that Collins has stated claims for willful and wanton conduct based on those allegations.

## Conclusion

Therefore, Defendants motion to dismiss [24] is denied in part and granted in part. The motion is granted in that the Fourteenth Amendment claims are dismissed. The motion is denied in all other aspects. A status hearing is set for November 6, 2020 at which the parties should be prepared to propose a discovery schedule.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: October 23, 2020